IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACOB NAMEAAEA KEAHI, #A0736473,<br><br>          Plaintiff,<br><br>     v.<br><br>SGT. CHAD MAHUKA, *et al.*,<br><br>          Defendants. | CIVIL NO. 24-00377 DKW-RT<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER |

Before the Court is an Application to Proceed In Forma Pauperis by a Prisoner (IFP Application) filed by pro se Plaintiff Jacob Nameaaea Keahi.[1] ECF No. 3. Keahi's IFP Application is DENIED as incomplete.

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $55.00 administrative fee in a lump sum or, if granted the privilege of proceeding in forma pauperis, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed in forma pauperis requires an (1) affidavit of indigence and (2) a certified copy of the inmate's trust account

---

[1] Keahi is currently incarcerated at the Halawa Correctional Facility. *See* ECF No. 1 at PageID.1; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A0736473"; and select "Search") (last visited Sept. 16, 2024).

statement for the six months preceding the filing of the complaint.  *See* 28 U.S.C. § 1915(a)(2); *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000).  A prisoner must submit trust account statements from each institution where he was confined during the relevant six-month period.  *See* 28 U.S.C. § 1915(a)(2).

To assist prisoners in meeting these statutory requirements, the Court requires use of a form application—that is, the "Application to Proceed In Forma Pauperis by a Prisoner."  *See* United States District Court District of Hawaii, https://www.hid.uscourts.gov/cms/assets/396130e1-69c4-4d0b-8188-3a7dab791e9e/Information_and_IFP.pdf (last visited Sept. 16, 2024).  This form includes: (1) an affidavit of indigence (for completion by the prisoner); (2) a financial certificate and consent to collection of fees (for completion by the prisoner); and (3) a certificate (for completion by the warden or other appropriate officer of the institution in which the prisoner is confined).  *See id.*  The form also reminds the prison official to attach a copy of the prisoner's trust account balance statements for the preceding six months.  *See id.*

If a prisoner is granted leave to proceed in forma pauperis, the Court will assess an initial partial filing fee of twenty percent of either the average monthly deposits or the average monthly balance in the prisoner's account, whichever is greater.  28 U.S.C. § 1915(b)(1); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).  An initial partial filing fee will only be collected when funds exist.  *See* 28 U.S.C.

§ 1915(b)(1). The balance of the $350.00 filing fee will be collected in monthly payments of twenty percent of the preceding month's income credited to the prisoner's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84. These payments continue until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2). The initial partial filing fee and the subsequent monthly installment payments are assessed on a per-case basis. *Bruce*, 577 U.S. at 84. Thus, filing fees associated with multiple actions are recouped simultaneously, not sequentially. *See id.*

Here, Keahi's IFP Application is incomplete. Specifically, the application does not include: (1) the court's certificate (for completion by the warden or other appropriate officer of the institution in which the prisoner is confined); or (2) account statements for the preceding six months showing all deposits and withdrawals to Keahi's account during that period. *See* ECF No. 3. If Keahi was not incarcerated during the entire six-month period preceding the filing of this action, he must explain periods not covered by the account statements in any complete in forma pauperis application that he files.

Keahi is DIRECTED to promptly submit a complete IFP Application using this court's form. Failure to do so, or to pay the filing fee in full, **by October 9, 2024** will result in automatic dismissal of this suit without prejudice and without further notice. *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d

3

109, 112 (9th Cir. 1995).  The Court will take no action on any pending or future filings in this action until Keahi addresses the deficiencies set forth in this Order.

## CONCLUSION

(1) Keahi's Application to Proceed In Forma Pauperis by a Prisoner, ECF No. 3, is DENIED without prejudice as incomplete.

(2) Keahi is DIRECTED to pay the filing fee in full, or to submit a complete IFP Application **by October 9, 2024**.

(3) The Clerk is DIRECTED to send Keahi an Application to Proceed In Forma Pauperis by a Prisoner to facilitate compliance with this Order.

IT IS SO ORDERED.

DATED: September 18, 2024 at Honolulu, Hawaii.



/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge

---

*Jacob Nameaaea Keahi v. Sgt. Chad Mahuka, et al.*; Civil No. 24-00377 DKW-RT; **ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER**